# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONALD W. STEWART,**

        Plaintiff,

and

**KOHLER COMPANY,**

        Involuntary Plaintiff,

      -vs-                      **Case No. 14-C-1566**

**HUB GROUP TRUCKING, Inc., GREAT WEST CASUALTY COMPANY, and NORFOLK SOUTHERN RAILWAY COMPANY,**

        Defendants.

## DECISION AND ORDER

This personal injury action was removed from Sheboygan County Circuit Court by one of the defendants, Norfolk Southern Railway Company ("NSRC"). The plaintiff, Ronald Stewart, was injured when the chassis of a semi-trailer caused the trailer to roll over. The chassis and trailer were delivered to Kohler Company, Stewart's employer, by NSRC's co-defendant, Hub Group Trucking, Inc., which had leased the chassis from NSRC. Stewart alleges that the chassis was defective and that both defendants failed to properly inspect the trailer prior to delivery. Hub

Group brings a claim against NSRC for contribution and indemnification.[1] Now before the Court is NSRC's motion to dismiss for lack of personal jurisdiction. For the reasons that follow, this motion is denied.

When personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Purdue Research Found. v. Sanofi-Syntholabo, S.A.*, 338 F.3d 773, 778 (7th Cir. 2003). When, as here, a district court rules on a motion to dismiss based on the submission of written materials without the benefit of an evidentiary hearing, the plaintiff need only make out a *prima facie* case of personal jurisdiction. *Id.* In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in his favor of all disputes concerning relevant facts presented in the record. *Id.*

In diversity cases, such as this one, a federal district court has personal jurisdiction "only if a court of the state in which it sits would have such jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276

---

[1] In state court, NSRC was brought into this case by Hub Group as a third-party defendant. In most circumstances, third-party defendants cannot remove to federal court. *See Starr v. Prairie Harbor Dev't Co.*, 900 F. Supp. 230, 231 (E.D. Wis. 1995) (citing *Thomas v. Shelton*, 740 F.2d 478, 486-89 (7th Cir. 1984)). However, the actual basis for removal was Stewart's amended complaint naming NSRC as an original defendant alongside Hub Group. Accordingly, removal was proper under 28 U.S.C. § 1441(a). Hub Group's claim against NSRC is a cross-claim, not a third-party claim. Fed. R. Civ. P. 13(g).

- 2 -

(7th Cir. 1997). Therefore, the Court must determine whether Wisconsin's long-arm statute, Wis. Stat. § 801.05, subjects NSRC to personal jurisdiction in Wisconsin courts. *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990). If yes, the Court must then determine whether exercising personal jurisdiction would violate the due process requirements of the Fourteenth Amendment. *Id.*

Wisconsin's long-arm statute "has been interpreted to confer jurisdiction 'to the fullest extent allowed under the due process clause.'" *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (quoting *Hartwig*, 923 F.2d at 1217). Thus, compliance with the long-arm statute "creates a presumption that constitutional due process is satisfied, although the defendant of course has the opportunity to dispute personal jurisdiction on purely constitutional grounds." *Id.* Importantly, NSRC does not attempt to rebut the presumption that accompanies compliance with the long-arm statute. Instead, NSRC argues that the long-arm statute does not confer jurisdiction in the first instance.

For purposes of federal constitutional law, there are two types of personal jurisdiction: general and specific. This is not a general jurisdiction case. Courts "may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when

their affiliations with the State are so *'continuous and systematic'* as to render them *essentially at home* in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (emphasis added). NSRC is a Virginia corporation that maintains no facilities, offices, railroad tracks, or any other type of property in Wisconsin. It is "at home" in Virginia, not Wisconsin. *Goodyear* at 2853 (for a corporation, the "paradigm forum for the exercise of jurisdiction of general jurisdiction" is its place of incorporation and principal place of business).

Specific, or "case-linked jurisdiction," is "jurisdiction over a specific claim based on the defendant's contacts with the forum that gave rise to or are closely connected to the claim itself." *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012). As relevant here, the long-arm statute provides for jurisdiction over a person in "any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury … [p]roducts, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade." § 801.05(4)(b). Three jurisdictional facts are required by this subsection: (1) an act or omission outside the state by the defendant or his agent; (2) an injury to person or property within the state which is

claimed to arise out of the foreign act or omission; and (3) some additional contact, not necessarily related to the injury sued on, which links the defendant to the state. *Schmitz v. Hunter Machinery Co.*, 279 N.W.2d 172, 176 (Wis. 1979).

As to requirements (1) and (2), the foreign act or omission giving rise to Stewart's injury is NSRC's provision and negligent inspection of a defective chassis. As to requirement (3), § 801.05(4)(b) requires that "at the time of the injury more than one item processed, serviced or manufactured by defendant, was used or consumed within the state in the ordinary course of trade. The use of the plural ('products, materials or things') in subsection (b) indicates that more than one item processed … by a defendant and used … in the state is necessary for the exercise of in personam jurisdiction." *Schmitz*, 279 N.W.2d at 177 (quoting *McPhee v. Simonds Saw & Steel Co.*, 294 F. Supp. 779, 782 (W.D. Wis. 1969)). This requirement is also satisfied because NSRC leases containers and chassis to Hub Group so that Hub Group can move them to Wisconsin. These activities are frequent, substantial, and routine. For example, in 2013, Hub Group moved, on average, approximately 340 loads each week, consisting of containers and NSRC chassis from one of the NSRC terminals in Chicago to Wisconsin. In 2014, Hub Group moved approximately 260 loads

- 5 -

per week to Wisconsin. Affidavit of Jakub Cerny, ¶¶ 6-7. NSRC receives weekly reports on these movements so it can track the location of its property. *Id.*

NSRC argues that the Court lacks jurisdiction over Stewart's claim because Stewart rested on his pleadings and did not put forward any evidence to establish a *prima facie* case of jurisdiction. However, the foregoing information, provided by Hub Group, easily demonstrates that the requirements of § 801.05(4)(b) are satisfied with respect to Stewart's claim. This might seem strange, but Stewart obviously does not have access at this early stage of the litigation to information about Hub Group's coordinated shipping activities with NSRC. Moreover, the Court finds it telling that Hub Group did not move to dismiss for lack of jurisdiction.[2] Hub Group is subject to specific personal jurisdiction for the same reasons that NSRC is subject to specific personal jurisdiction.

Additionally, it makes sense that Hub Group's *prima facie* showing of personal jurisdiction would apply in equal measure to Stewart's claim because Hub Group's claim is premised on the same tortious conduct. Stewart alleges that Hub Group *and* NSRC negligently caused his injuries.

---

[2] Hub Group is a Delaware corporation with its principal place of business in Memphis, Tennessee.

By the same measure, Hub Group alleges that NSRC was "responsible for the maintenance and inspection of the chassis and semi-trailer, and [NSRC] failed to properly maintain and inspect the chassis and semi-trailer." ECF No. 4, Third-Party Complaint, ¶ 7. Thus, Hub Group's cross-claim seeks recovery from NSRC to the extent that NSRC's negligence contributed to Stewart's injury.

For similar reasons, the Court rejects NSRC's argument that § 801.05(4)(b) does not apply to Hub Group's cross-claim because § 801.05(4) "requires a tortious injury." *Kinetic Co., Inc. v. BDO EOS Svetovange, d.o.o.*, 361 F. Supp. 2d 878, 883 (E.D. Wis. 2005) (citing *Nagel v. Crain Cutter Co.*, 184 N.W.2d 876, 878 (Wis. 1971)). Hub Group's claim against NSRC is an equitable claim for contribution, but this case is really about Stewart's tort claim. Indeed, the cross-claim/third-party claim became superfluous once Stewart alleged a direct claim for negligence against Hub Group and NSRC. A jury can apportion liability among the defendants without there being a separate claim for contribution by one defendant against the other.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. NSRC's motion to dismiss [ECF No. 8] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **July 8, 2015** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

4. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

5. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

6. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention

should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

7. The written report must include the telephone numbers where the parties can be reached for this call;

8. In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information</u>. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information.

At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the <u>Standing Order Relating to the Discovery of Electronically Stored Information</u> in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 4th day of June, 2015.

                                        **BY THE COURT:**

                                        *[signature]*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**