UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RONALD W. STEWART,**

        Plaintiff,

and

**KOHLER COMPANY,**

        Involuntary Plaintiff,

    -vs-        Case No. 14-C-1566

**HUB GROUP TRUCKING, Inc., GREAT WEST CASUALTY COMPANY, and NORFOLK SOUTHERN RAILWAY COMPANY,**

        Defendants.

## DECISION AND ORDER

This action arises from injuries suffered by Ronald Stewart as he was operating a spotter tractor while working at the Kohler Company. Stewart alleges that his injuries were caused by a defective chassis provided by Hub Group Trucking, Inc. Hub Group and the other defendants move to bifurcate liability and damages discovery.

The decision to bifurcate discovery is a matter committed to the discretion of the trial court. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2004 WL 609326, at *2 (N.D. Ill.

March 23, 2004) (collecting cases). Relevant factors for the Court to consider are convenience, the avoidance of prejudice, expedition, and economy. *See id.* ("In accordance with the broad language of [Federal Rule of Civil Procedure 42(b)], the district court is vested with discretion in determining whether to try issues separately, …").

Defendants argue that the Court should defer damages discovery because liability is questionable and, with the exception of the plaintiff's deposition, there is no overlap between the two types of discovery. The Court is not in a good position to judge the merits of plaintiff's case. Even if the defendants have a better than average chance of winning this case on summary judgment, concurrent damages discovery should not be all that expensive or time-consuming. According to the plaintiff, the amount in controversy exceeds the minimum jurisdictional amount (obviously), but it "is not anywhere near the seven-figure range." Moreover, if summary judgment is denied, the parties will be forced to resume discovery that could have been finished before the discovery deadline in the run-up to trial. Depending on when the Court issues its summary judgment ruling, the trial date could be jeopardized. Given these alternatives, the best approach is to deny bifurcation.

Defendants' motion to bifurcate liability and damages discovery [ECF No. 81] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2016.

                                          **BY THE COURT:**

                                          */s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**